UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORSAIR GAMING, INC. d/b/a CORSAIR,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE ELECTRONICS INC. d/b/a AMAZON SELLER CHOICE ELECTRONICS,<br><br>Defendants. | Case No. 3:25-cv-18960-GC-JBD<br><br>**Currently pending in:**<br><br>**United States District Court for the Northern District of California**<br><br>Case No. 5:25-cv-00045<br><br>**ORDER GRANTING MOTION TO SEAL IDENTITY OF SUPPLIER** |

**THIS MATTER** having come before the Court upon the motion of counsel for Plaintiff Corsair Gaming, Inc. d/b/a Corsair, and Defendant Choice Electronics Inc.'s supplement thereto, for the entry of an Order to Seal, pursuant to Local Civil Rule 5.3, the identity of a supplier produced during the course of discovery by Defendant Choice Electronics Inc. with a "Highly Confidential – Attorneys' Eyes Only" designation pursuant to the terms of a Stipulated Protective Order issued in the underlying litigation between the parties pending before the U.S. District Court for the Northern District of California, Case No. 5:25-cv-00045. The Court having considered Plaintiff's submission [Dkt. 3], Defendant's supplement thereto [Dkt. 11], and the factors of Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On December 17, 2025, Plaintiff filed a Motion to Enforce Subpoenas. Various parts of the Motion to Enforce Subpoenas reference the identity of a supplier of electronic materials of Defendant Choice Electronics Inc., which Defendant contends is "Highly Confidential – Attorneys' Eyes Only."

2. The parties have a litigation pending before the U.S. District Court for the Northern District of California, Case No. 5:25-cv-00045 (the "California Action").

3. On August 25, 2025, the Court in the California Action entered the parties' Stipulated Protective Order.

4. Plaintiff seeks to seal any references to the name of Defendant's supplier and its principal in accordance with the terms of the Stipulated Protective Order.

5. Plaintiff requests that the documents be filed publicly only in their redacted form as the less restrictive alternative available to protect the information therein.

## CONCLUSIONS OF LAW

6. References to the name of Defendant's supplier and its principal, which is subject of Plaintiff's separate Motion to Enforce Subpoenas, is non-public information that is considered to be highly confidential and proprietary by Defendant.

7. Disclosure of this information would provide the public, including competitors, with insight into Defendant's non-public and proprietary business matters, causing Defendant to suffer competitive harm.

8. Accordingly, Defendant has a legitimate interest in protecting this information from disclosure and would suffer a clearly defined injury if the information were to be made public.

9. There exists no countervailing public interest in having access to the information at issue.

10. There exists no less restrictive alternative than to seal the information in part, as set forth above. Plaintiff seeks only to seal the identity of Defendant's supplier and its principal. The vast majority of portions of the parties' briefing will remain publicly available.

11. Plaintiff has satisfied the requirements for sealing under Local Civil Rule 5.3(c).

12. Defendant has a legitimate private interest, within the meaning of Local Civil Rule 5.3(c), in avoiding the competitive harms described above, and that such legitimate private interest is sufficient to warrant granting the motion to seal as to portions of Plaintiff's Motion to Enforce Subpoenas. L. Civ. R. 5.3(c). *See, e.g., In re Application Pursuant to 28 U.S.C. §1782 of Michael Kors, L.L.C.*, No. 215CV01978CCCJBC, 2015 WL 13036666, at *3 (D.N.J. June 23, 2015); *In re Application Pursuant to 28 U.S.C. § 1782 of Michael Kors, L.L.C.*, No. 215CV01978CCCJBC, 2016 WL 8229026, at *3 (D.N.J. Jan. 6, 2016).

**WHEREAS**, the Court having found that there are legitimate public and private interests that warrant the relief sought; and no other opposition to the motion having been filed; and for good cause shown;

**IT IS** on this day, 3rd day of March, 2026,

**ORDERED** that Plaintiff's motion to seal [Dkt. 3] is **GRANTED**; and it is further

**ORDERED** that the Clerk shall permanently seal [Dkts. 1 and 2]; and it is further

**ORDERED** that, on or before **March 13, 2026**, Plaintiff shall file its Motion to Enforce Subpoenas with redactions consistent with this Order.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE